UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MONIQUE MONTGOMERY                                CIVIL ACTION

VERSUS                                            NO. 20-235-SDD-RLB

COMENITY BANK

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 28, 2020.

                                                                   _____
                                                                   RICHARD L. BOURGEOIS, JR.
                                                                   UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MONIQUE MONTGOMERY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-235-SDD-RLB** |
| **COMENITY BANK** | |

<u>**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**</u>

Before the Court is the Motion to Remand filed by Plaintiff, Monique Montgomery, on July 13, 2020. (R. Doc. 6). Defendant, Comenity Bank, filed its Opposition on July 28, 2020. (R. Doc. 7).

**I.     Background**

Plaintiff initiated this action with the filing of her Complaint Petition in Baton Rouge City Court on January 31, 2020. (R. Doc. 1-1, the "Petition"). Therein, Plaintiff alleges damages to her credit as a result of inaccurate reporting to a third party by Defendant, Comenity Bank. (R. Doc. 1-1 at 2). Plaintiff alleges that she was a victim of identity theft, that she reported the fraud, and that, despite reporting the fraud, Defendant continues to hold her responsible for the fraudulent accounts. (R. Doc. 1-1 at 2). Plaintiff alleges that Defendant has failed to ensure the accuracy of information reported to credit agencies, and as a result, that her credit score has been damaged. (R. Doc. 1-1 at 4).

**II.     Law and Analysis**

    **A.     Legal Standard**

Defendants may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441.  This Court has original subject matter jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of

the United States." 28 U.S.C. § 1331. Nevertheless, because federal courts are courts of limited jurisdiction, it is presumed that a suit removed to federal court lies outside this limited jurisdiction. *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001). The party seeking removal bears the burden of demonstrating that a federal question exists. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). A federal question exists "if there appears on the face of the complaint some substantial, disputed question of federal law." *In re Hot–Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)). Because the plaintiff is the master of his complaint, even where both federal and state remedies are available on a given set of facts, there will be no basis for removal on federal question jurisdiction if the plaintiff elects in the state court petition to proceed exclusively under state law. *Avitts v. Amoco Production Co.*, 53 F.3d 690, 693 (5th Cir. 1995).

"It is well-settled that a district court may remand to state court a removed case involving pendent state-law claims if all claims arising under federal law are withdrawn." *McGhiey v. Metro News Serv., Inc.*, 2013 WL 3338598, at *6 (W.D. Tex. July 1, 2013) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 359, 357 (1988)). Further, "[t]he Fifth Circuit has stated that its 'general rule is to decline to exercise jurisdiction over pendent state-law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial…" *McGhiey*, 2013 WL 3338958 at *6 (citing *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227) (5th Cir. 1999)). Lastly, "this rule is 'neither mandatory nor absolute,' and whether remand is proper will depend upon 'the specific circumstances of the case at bar.'" *McGhiey*, 2013 WL 3338958 at *6 (citing *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009)).

**B.    Analysis**

Plaintiff suggests this case should be remanded for lack of subject matter jurisdiction because she amended her complaint to remove all claims arising under federal law. (R. Doc. 6 at 1-2). Defendant responds that subject matter jurisdiction pursuant to 28 U.S.C. ¶ 1331 is proper because Plaintiff's pleadings as they stood at the time of removal state a federal question. (R. Doc. 7 at 5-8).

At the outset, there is no indication that Plaintiff amended her complaint outside of the representations she makes in her Motion to Remand. Upon review of the docket, the only complaint in the record is Plaintiff's "Complaint Petition" filed in state court and included as an attachment to Defendant's Notice of Removal. Defendant suggests that Plaintiff appears to have attempted to file an amended pleading in state court after this litigation had already been removed to federal court, attaching a copy of same to the Declaration of Christopher Meyer. The amendment does not contain evidence of a date of filing, but Defendant represents via Declaration that it was received on June 8, 2020, and Plaintiff's certification indicates it was mailed to Defendant on June 5, 2020, both of which are well after the April 17, 2020 Notice of Removal. (R. Doc. 7-2 at 2, 54).

There is no indication that Plaintiff amended her pleadings in state court prior to removal, and as such, the operative pleading at the time of removal was Plaintiff's "Complaint Petition" filed initially in state court. "The relevant time for determining jurisdiction remains removal, and the relevant pleadings are those in place at the time of removal." *Berry v. ADT Sec. Servs., Inc.*, 393 F.Supp. 3d 548, 554 (S.D. Tex. 2019).

Plaintiff alleges in the opening paragraph of her Complaint Petition that she seeks damages "for personal injury as a result of the failure to prevent the re-pollution of Plaintiff's

3

credit report pursuant to Section 623(a)(6) and 15 U.S.C 1681s-2(a)(6) under Prevention of Re-Pollution of Credit Reports…" (R. Doc. 1-1 at 2). Plaintiff goes on to state that "FCRA laws and procedures requires that furnishers ensure the accuracy of information being reported to consumer reporting agencies. Defendant continues to instruct Plaintiff to resolve this matter with the third party collector but Defendant is still the one furnishing the false and inaccurate information to Plaintiff's credit file." (R. Doc. 1-1 at 4).

Plaintiff's operative pleading, the Complaint Petition filed in state court, raises a federal question under the Fair Credit Reporting Act. Accordingly, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  Plaintiff also brings claims for negligent breach of duty for failure to comply with certain provisions of the FCRA, defamation, negligent and intentional infliction of emotional distress, and extortion. (R. Doc. 1-1 at 5). All of Plaintiff's claims arise out of the facts and circumstances she alleges with regard to allegedly fraudulent accounts and/or debts being reported by Defendant to a third party and affecting her credit report. As Plaintiff's state law claims arise out of the same facts and circumstances as Plaintiff's federal claims, this Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

Even if Plaintiff had amended her Complaint to remove the claims arising under federal law, such an amendment would not require remand. "The law is clear that a plaintiff cannot 'replead to divest the federal court of jurisdiction and therefore require remand to state court." *Highland Lakes Title, Ltd. V. Wooten*, 2020 WL 1492732, at *3 (W.D. Tex. Mar. 27, 2020) (citing *16 Front St., L.L.C. v. Mississippi Silicon, L.L.C.*, 886 F.3d 549, 559 (5th Cir. 2018)). To the contrary, "[a] federal district court has discretion to remand a properly removed case to state

4

court when all federal-law claims have been eliminated and only pendent state-law claims remain." *Id.* (citing *Jones v. Roadway Express, Inc.*, 936 F.2d 789, 792 (5th Cir. 1991)).

Plaintiff also suggests that Defendant's removal was untimely. In support of this argument, Plaintiff represents that Defendant received a copy of her lawsuit on January 31, 2020, and having not removed the litigation until April 17, 2020, it was beyond the 30-day time period for removal. (R. Doc. 6 at 2). In Opposition, Defendant argues that Plaintiff has waived any argument with regard to the timeliness of removal because she did not seek remand until July 13, 2020, outside of the 30-day timeframe to raise procedural defects. (R. Doc. 7 at 4).

First, Defendant represents in its Notice of Removal as well as the Declaration of Matthew D. Gothard that it was served via Certified Mail on March 23, 2020. (R. Doc. 1 at 1; R. Doc. 7-1 at 2). Even were Plaintiff to be able to establish that Defendant received the Petition via facsimile, the Supreme Court has held that the thirty-day period for removal begins at formal service, expressly rejecting the "receipt rule." *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 352-56 (1999). *See also Edling v. IMI Sys., Inc.*, 2002 WL 240135, at *2 (N.D. Tex. Feb. 15, 2002). As Defendant represents that it was formally served on March 23, 2020, Plaintiff provides no controverting evidence as to formal service, and Defendant removed this litigation on April 17, 2020, less than thirty days after formal service, Defendant's removal was timely.

Furthermore, Plaintiff has waived any objection that Defendant's removal was untimely, as 28 U.S.C. § 1447(c) states that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." Although Plaintiff suggests that she did not learn that the action had been removed until June 30, 2020, she attaches no supporting information. On the

5

other hand, Defendant certifies in its Notice of Removal that it served a copy of the Notice of Removal on Plaintiff via U.S. Mail on April 17, 2020. (R. Doc. 1 at 6). Defendant also states in the Declaration of Christopher Meyer that he mailed the Notice of Removal on April 17, 2020, and that said mailing was not returned as undeliverable. (R. Doc. 7-2 at 1-2). The address Mr. Meyer declares the Notice of Removal was sent to is the same address in the Court's record for Plaintiff as well as the address Plaintiff entered on her original Complaint Petition. (R. Doc. 1-1 at 6). Plaintiff's suggestion that she did not learn the action had been removed until June 30, 2020 is, therefore unavailing. Plaintiff's Motion to Remand was filed well beyond the thirty-day time period of 28 U.S.C. § 1447(c) for any objection other than lack of subject matter jurisdiction.

### III. Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that the Motion to Remand (R. Doc. 6) filed by Plaintiff, Monique Montgomery, be **DENIED**.

Signed in Baton Rouge, Louisiana, on September 28, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**
