# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

MONIQUE MONTGOMERY                                CIVIL ACTION

VERSUS                                            NO. 20-235-SDD-RLB

COMENITY BANK

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 19, 2021.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MONIQUE MONTGOMERY                                CIVIL ACTION

VERSUS                                            NO. 20-235-SDD-RLB

COMENITY BANK

<u>**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**</u>

Before the Court is the Motion to Compel Arbitration and Dismiss Plaintiff's Claims filed by Defendant, Comenity Bank. (R. Doc. 14). Defendant also filed a Notice of Failure to Respond to Motion to Compel Arbitration. (R. Doc. 19).

**I.     Background**

Plaintiff initiated this action with the filing of her "Complaint Petition" in Baton Rouge City Court on January 31, 2020, proceeding *pro se*. (R. Doc. 1-1, the "Petition"). Therein, Plaintiff alleges damages to her credit as a result of inaccurate reporting to a third party by Defendant, Comenity Bank. (R. Doc. 1-1 at 2). Plaintiff alleges that she was a victim of identity theft, that she reported the fraud, and that, despite reporting the fraud, Defendant continues to hold her responsible for the fraudulent accounts. (R. Doc. 1-1 at 2). Plaintiff alleges that Defendant has failed to ensure the accuracy of information reported to credit agencies, and as a result, that her credit score has been damaged. (R. Doc. 1-1 at 4).

Defendant seeks to compel arbitration. In doing so, Defendant represents that Plaintiff has agreed to arbitrate her claims based on written agreements acknowledged at the time of opening certain accounts, and subsequently mailed to the address reported when opening the account. (R. Doc. 14-1 at 10). Defendant also suggests that Plaintiff has waived any argument in

opposition to its Motion to Compel Arbitration as a result of her failure to appear in response. (R. Doc. 19).

## II.     Law and Analysis

The Federal Arbitration Act ("FAA") governs the enforceability of arbitration agreements in federal courts. "Courts undertake a two-step inquiry in evaluating motions to compel arbitration." *Hanna v. J.P. Morgan Chase & Co.*, 2020 WL 4983065, at *2 (M.D. La. Aug. 24, 2020) (citing *Ameriprise Fin. Servs. v. Etheredge*, 277 Fed. App'x 447, 449 (5th Cir. 2008)). "First the parties must have an agreement to arbitrate the dispute at issue." *Id.* "Second, if and only if the first step is satisfied, the Court 'must consider whether any federal statute or policy renders the claims non-arbitrable.'" *Id.* (citing *Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 214 (5th Cir. 2003)). While there is a strong federal policy favoring arbitration, the policy does not apply to the initial determination whether there is a valid agreement to arbitrate. *Will–Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 214 (5th Cir.2003). Where a party attacks the very existence of an agreement, as opposed to its continued validity or enforcement, the courts must first resolve that dispute. *Id.* at 219.

The Court finds here that Defendant's Motion to Compel fails on the first prong—i.e., whether the parties have an agreement to arbitrate the dispute at issue. This litigation is premised on the parties' disagreement as to whether they entered into a valid agreement. "A court may compel arbitration only if it concludes that the parties 'ma[de]… the agreement for arbitration.'" *Covington v. Aban Offshore Ltd.*, 650 F.3d 556, 558 (5th Cir. 2011) (citing 9 U.S.C. § 4)). This action arises out of various credit card accounts wherein Plaintiff alleges "that she never authorized." (R. Doc. 1-1 at 2). Plaintiff goes on to allege that she "sent Defendant a preponderance of evidence showing that she did not sign a credit card application," and that

"Defendant is guilty of committing identity theft." (R. Doc. 1-1 at 3, 4). Presumably, Plaintiff asserts that someone else applied for and received the credit cards at issue. In its Answer, Defendant generally denies Plaintiff's allegations and submits that Plaintiff "obtained four separate credit card accounts from Comenity," and "denies that any identity theft occurred." (R. Doc. 2 at 1).

In support of its Motion to Compel arbitration, Defendant submits and relies upon the written agreements that Plaintiff disputes in the underlying action. Defendant also relies on an affidavit of Matthew Gothard. (R. Doc. 14-2). Mr. Gothard is a paralegal for Comenity LLC. He has reviewed and is familiar with the records of Comenity and the accounts at issue. Certain statements by Mr. Gothard, however, are contradicted by Plaintiff's sworn complaint. Defendant acknowledges in its Motion to Compel that "Plaintiff claims that she never authorized these accounts." (R. Doc. 14-1 at 1). Plaintiff's complaint, which was verified and provides that "to the best of my knowledge and under penalty of perjury that the facts set forth in this complaint are true and correct," specifically alleges that these accounts were "fraudulently opened . . . as a result of identity theft." (R. Doc. 1-1 at 2).

Thus, at this stage in the proceedings, the Court is unable to find that the parties had a valid and enforceable agreement to arbitrate this dispute. "In conducting this two-step inquiry, courts must not consider the merits of the underlying action." *BancOne Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004). The parties have presented two different versions of events. Discovery has not commenced due to the Court's order granting the defendant's request that discovery be stayed until the instant motion is decided. (R. Docs. 15 and 17). Based on the record at this point, the Court cannot conclude that Plaintiff agreed to arbitrate her claims where

she claims that she did not authorize or execute the very agreements that contain the arbitration provisions.

While the Court recognizes the argument made by Defendant regarding waiver due to Plaintiff's failure to respond to its Motion to Compel, considering the allegations made by Plaintiff under penalty of perjury in the verified complaint, along with Plaintiff's *pro se* status, the Court declines to compel arbitration based solely on a theory of waiver. The strong policy favoring arbitration arises where parties agree to arbitrate their claims, and the core of Plaintiff's claims herein are that she did not even open the accounts or execute the agreements that contain the arbitration provisions. Thus, to find that Plaintiff and Defendant entered into a written agreement to arbitrate is necessarily a ruling on the merits of Plaintiff's claims where Plaintiff has not yet had the opportunity to discover and present evidence. It may ultimately be found that Plaintiff's claims lack merit and Defendant prevails, but such a finding is improper at this stage in the proceeding.

To be clear, the Court does not make a finding that Plaintiff did not open the accounts at issue, as she asserts in the Complaint. The Court likewise notes that it remains to be decided whether the credit cards at issue were received by Plaintiff and used as alleged. Rather, it is appropriate that the parties be permitted to conduct some limited discovery that pertains to whether the parties entered into a valid agreement such that the arbitration clause should be enforced. This is especially appropriate considering the averments made in the Complaint regarding identity theft. At the conclusion of such limited discovery, defendant may renew the instant motion.

The undersigned further notes that there are serious concerns about Plaintiff's intent to move forward in this litigation. Plaintiff has failed to comply with certain court orders (R. Docs.

4, 5 and 13), failed to respond to a show cause order (R. Doc. 13), unsuccessfully attempted to dismiss her claims without prejudice (R. Doc. 8), failed to communicate with the defense as ordered by the Court (R. Docs. 11, 15-1 at 2), and failed to respond or oppose the instant motion (R. Doc. 19). The Court will enter a separate show cause order to Plaintiff, providing an opportunity to explain why the Court should not impose sanctions, including dismissal, for her repeated failures to comply with Court orders.

### III.    Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that the Motion to Compel Arbitration and Dismiss Plaintiff's Claims (R. Doc. 14) filed by Defendant, Comenity Bank, be **DENIED**.

Signed in Baton Rouge, Louisiana, on January 19, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**