# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MONIQUE MONTGOMERY | CIVIL ACTION |
| VERSUS | 20-235-SDD-RLB |
| COMENITY BANK | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 3, 2022.

```
                                    RICHARD L. BOURGEOIS, JR.
                                    UNITED STATES MAGISTRATE JUDGE
```

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MONIQUE MONTGOMERY                                              CIVIL ACTION

VERSUS                                                                        20-235-SDD-RLB

COMENITY BANK

## MAGISTRATE JUDGE'S SUPPLEMENTAL REPORT AND RECOMMENDATION

**I.    Background**

On July 27, 2022, after reviewing Defendant's, Comenity Bank ("Defendant"), Motion to Dismiss and Motion for Sanctions, (R. Doc. 82), and the arguments of the parties, the undersigned issued a Report and Recommendation.[1] Therein, the undersigned recommended (1) dismissal of Plaintiff's, Monique Montgomery ("Plaintiff"), action with prejudice, (2) that, pursuant to Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure, Defendant be awarded the reasonable attorney's fees and costs caused by Plaintiff's failure to participate in the April 14, 2022 deposition, and (3) that, consistent with the Court's April 13, 2022 order (R. Doc. 78), Defendant be awarded $900 in connection with the denial of Plaintiff's Motion for Protective Order (R. Docs. 74, 78). (R. Doc. 92 at 21). This Supplemental Report and Recommendation is limited to the findings and recommendations concerning Defendant's award for attorney's fees and costs associated with its efforts to the take the deposition of Plaintiff.

On July 28, 2022, as ordered by the Court in its initial Report and Recommendation, Defendant filed a "Declaration of Zachary D. Miller in Support of Award for Attorney's Fees and Expenses" (the "Affidavit"). (R. Doc. 93). The Affidavit and supporting evidence set forth

---

[1] The factual background, procedural history, standard of review, and detailed analysis are set out by the Magistrate Judge in the initial Report and Recommendation and are incorporated herein by reference. (*See* R. Doc. 92).

the hourly rates and time expended by Defendant's attorneys and paralegals in preparing for and participating in the deposition of Plaintiff, as well as the time spent in preparing for and drafting the Motion to Dismiss and Motion for Sanctions. (*See generally* R. Doc. 93-1). The Affidavit further documents the costs associated with traveling to and from the deposition—including lodging, air fare, car rental, and meal expenses—and the costs of obtaining a court reporter and deposition transcript. (R. Doc. 93-1 at 15, 20).

According to the Affidavit and supporting exhibits, Zachary Miller ("Miller"), Rachel Friedman ("Friedman"), and Sharon Foshee ("Foshee") of Burr & Forman, LLP (the "Firm") performed work on Defendant's case. Miller, who is admitted *pro hac vice,* is licensed in Alabama, Colorado, Florida, Oregon, and Tennessee. (R. Doc. 93 at 1). Miller has been practicing consumer finance law for 14 years, and he is published yearly in the American Bar Association's *The Business Lawyer.* (R. Doc. 93 at 1). Friedman is a partner in the Firm's Birmingham, Alabama office. (R. Doc. 93 at 2). She has 10 years of experience litigating consumer finance issues. (R. Doc. 93 at 2). Foshee is a paralegal in the Firm's Birmingham, Alabama office, with 20 years of experience handling matter in federal court. (R. Doc. 93 at 2). Miller expended a total of 32.2 hours at $450/hr, Friedman expended 12.6 hours at $410/hr on motion practice only, and Foshee expended 11.1 hours at $215/hr. The total amount billed is $22,042.50. Additionally, the ledger of other expenses incurred totaled $1,559.35.

In sum, the total amount of fees and expenses incurred by Defendant in the preparation for and attendance of Plaintiff's deposition, as well as bringing the Motion to Dismiss for Sanctions, is $23,601.85. (R. Doc. 93 at 3).

**II.     Law and Analysis**

"A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, *i.e.,* it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous. To determine a reasonable fee, a court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit." *Oak Harbor Investment Properties, LLC v. Sedona Corp.,* No. 20-844-SDD-RLB, 2022 WL 709186, at *2 (M.D. La. March 9, 2022).

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). The lodestar is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.*

Once the district court determines the lodestar, it may adjust the lodestar upward or downward depending on the respective weights of the twelve factors set forth in *Johnson v. Georgia Highway Express,* 488 F.2d 714, 717-19 (5th Cir. 1974). The *Johnson* factors include: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to the acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Id.*

A.  **Lodestar Calculation**

1.  **Reasonable Hourly Rates**

The first step in ascertaining the lodestar is determining counsel's reasonable hourly rate. This rate is the market rate for similar services by similarly trained and experienced attorneys in the relevant legal community. *Tollett v. City of Kemah,* 285 F.3d 357, 368 (5th Cir. 2002). The relevant legal community is generally the judicial district in which the litigation occurred, here, the Middle District of Louisiana. *See Comar Marine Corp. v. Raider Marine Logistics, LLC,* No. 09-1438, 2016 WL 99208, at 4 (W.D. La. Jan. 7, 2016). However, markets of comparable sizes can be informative in determining the prevailing market rate of another district. *See Strogner v. Sturdivant,* No. 10-125-JJB-CN, 2011 WL 6140670, at *2 n.4 (M.D. La. Dec. 9, 2011) (explaining that the rate in New Orleans could help determine the rate in Baton Rouge after Hurricane Katrina, the size of New Orleans and Baton Rouge became more comparable). "An attorney's requested hourly rate is *prima facie* reasonable when he requests that the lodestar be computed at his or her customary billing rate, the rate is within the range of prevailing market rates, and the rate is not contested." *Pickney v. Strategic Restaurant Acquisition Co., LLC,* No. 16-0211, 2017 WL 1821125, at *2 (W.D. La. May 4, 2017) (citing *La. Power & Light Co. v. Kellstrom,* 50 F.3d 319, 328 (5th Cir. 1995)). The reasonable hourly rate for a particular community may be established based on the affidavits of other attorneys practicing here. *Id.*

Here, Defendant has not submitted any evidence to support its attorneys' requested hourly rates. Nor has it cited to any cases in the Middle District of Louisiana where any attorney with similar skill and experience in a consumer law case was awarded $410-$450/hr. Nevertheless, the Court performed a survey of Middle District jurisprudence to determine the reasonableness of Defendant's request. Upon review of the caselaw, the Court finds that the

hourly rates of Miller and Friedman are higher than the legal community in this district, given their years of experience. *See Campbell v. Verma Systems, Inc.,* No. 21-272-BAJ-RLB, 2022 WL 879497, at *3 (M.D. La. March 23, 2022) (explaining that $375 for an attorney with 22 years of experience, while at the higher end, is reasonable); *Hollenbeck v. False River Veterinary Clinic,* No. 20-764, 2021 WL 5467021, at *3 (M.D. La. Nov. 1, 2021) ($300 per hour is a reasonable rate for an attorney with 27-28 years of experience in FLSA cases); *Pilkington N. Am., Inc. v. Smith,* No. 11-176, 2014 WL 6633096, at *2 (M.D. La. Nov. 21, 2014); *Hamdan v. Tiger Bros. Food Mart Inc.,* No. 15-412, 2018 WL 3029991, at *12 (M.D. La. May 22, 2018) ($375 per hour is reasonable for attorney with 30 years of IP experience).

Given the nature and complexity of the matter,[2] the years of experience of the attorneys, and the extent of their participation in the matter, the Court finds that $300/hr is a reasonable rate for Miller and $250/hr is reasonable for Friedman.[3]

Particularly, the Court finds that a $300 is a reasonable hourly rate for Miller given his 14 years of experience in consumer finance law, that he is lead counsel in the matter, and that he has represented Defendant in litigation matters nation wide for 7 years. *See Jones v. New Orleans Regional Physician Hosp. Org.*, No. 17-8817, 2019 WL 6770029, at *2 (E.D. La. Dec. 12, 2019) (awarding $300/hr to an attorney with 13 years of experience); *Gulf Coast Facilities Mgmt., v. BG LNG Servs., L.L.C.,* No. 09-3822, 2010 WL 2773208 (E.D. La. July 13, 2010) (awarding $300/hr to an attorney with 17 years of experience); *Bardales v. Fontana & Fontana, LLC,* 2021 WL 2328382, at *6 (E.D. La. June 8, 2021) (explaining that $300 is a reasonable hourly rate for

---

[2] Miller admits that matters with similar levels of complexity are generally handled by lower-level attorneys. He, however, "did not feel comfortable requiring a younger attorney to be subjected to [Plaintiff's] threats and harassment." (R. Doc. 93 at 2).

[3] The Court notes that, while some cases have found hourly rates of $300 to be reasonable for attorneys with 10 years of consumer law experience, the extent of Friedman's participation in the matter (as opposed to Miller's) and difference in actual billable rate supports a determination that she be awarded a slightly lower hourly rate. (*See* R. Doc. 93 at 2) (explaining that Friedman's work on the file was limited to assistance with motion practice).

an attorney with 10 years of experience in consumer finance law); *United States ex rel McNeil v. Jolly,* 451 F. Supp 3d 657, 677 (E.D La. 2020) ($300/hr is reasonable for an attorney with complex litigation experience).

As to Friedman, courts have previously held that an award of $250/hr is reasonable for an attorney that, like Friedman, has 8-10 years of experience. *See Hollenbeck,* 2021 WL 5467021, at *3 ($250/hr is reasonable for an attorney with approximately 8 years of legal experience); *Landry v. Caine & Weiner Co., Inc.,* No. 12-2060, 2013 WL 4591445, at *3-4 (E.D. La. Aug. 28, 2013) (reducing the hourly rate of an attorney with 10 of consumer law experience from $350/hr to $250/hr and $140/hr for a paralegal to $100/hr).

Finally, the Court finds that $100 is a reasonable hourly rate for Defendant's paralegal, Foshee. *Id. See also Simoneaux v. Comm'r of Soc. Sec.,* No. CV 18-270-RLB, 2019 WL 6838703, at *1 (M.D. La. Dec. 16, 2019) ($100 for paralegal work) (citing *Richthofen v. Berryhill,* No. 16-16020, 2019 WL 2079840, at *1 (E.D. La. Jan. 28, 2019) (rate of $75-$100 an hour is reasonable for paralegal work)).

### 2. Hours Expended

To arrive at the lodestar, the Court multiplies the approved hourly rates by the number of hours reasonably expended on the case. *McClain v. Lufkin Indus., Inc.,* 519 F.3d 264, 284 (5th Cir. 2008). The fee seeking attorney has the burden of showing the reasonableness of the hours billed, including proving they are exercising billing judgment. *Saizan v. Delta Concrete Products Co., Inc.,* 448 F.3d 795, 799 (5th Cir. 2006). Accordingly, the fee applicant should submit documentation of the hours charged as well as those written off as unproductive, excessive, or redundant. *Id.* If the Court finds that the fee-seeking attorney failed to exercise billing judgment,

it may reduce the hours awarded by a percentage or conduct a line-by-line analysis of the time report. *Hensley v. Eckerhart,* 461 U.S. at 434 (1983).

Having reviewed the invoices submitted by defense counsel, the Court finds that the tasks identified were appropriate and necessary to the Defendant's case and that the hours expended were reasonable. Considering the foregoing, the applicable calculation is as follows:

| Name of Biller | Total Time Devoted to Deposition and Motion | Hourly Rate | Total Amount Billed |
|---|---|---|---|
| Miller | 32.2 | $300 | $9,660 |
| Friedman | 12.6 | $250 | $3,150 |
| Foshee | 11.1 | $100 | $1,110 |
| Total: | | | $13,920 |

**B.     Expenses**

The Defendant seeks $1,559.35 in expenses unnecessarily incurred in connection with Plaintiff's deposition. Those expenses include travel to the airport, airfare, hotel, car rental, and lunch. The Court finds that these expenses are reasonable and were unnecessarily incurred because of Plaintiff's conduct, except for lunch ($23.69). While that may be appropriately billed to the client during travel, counsel would have eaten lunch regardless of Plaintiff's conduct. Accordingly, the Court finds that an award of costs in the amount of $1,535.66 is appropriate.

**III.    Conclusion**

Based on the foregoing, **IT IS RECOMMENDATED** that Defendant, pursuant to Rule 37(b)(2)(C), be awarded attorneys fees and costs in the amount of $15,455.66.

Signed in Baton Rouge, Louisiana, on August 3, 2022.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE